■ MARIE ERHARD, as Executrix of RAYMOND J. ERHARD, Deceased, Appellant, v MARTIN E. PANZER, Respondent.—In a medical malpractice action, the appeal is from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated June 2, 1989, as, *inter alia,* directed counsel for the plaintiff to personally "bear any extraordinary costs" of the defendant's deposition of an out-of-State nonparty witness.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the plaintiff's counsel personally.

Pursuant to an order of the Supreme Court providing for the depositions upon oral testimony of two out-of-State non-party witnesses, the parties agreed that the depositions would be conducted at the offices of counsel for the plaintiff in Deer Park, New York, despite the fact that the order contemplated the depositions taking place in New Jersey. When the defendant attempted to commence the deposition of the second witness, counsel for the plaintiff abruptly discontinued the examination, apparently in retaliation for the alleged pro-tractedness of the deposition of the first witness. Counsel for the plaintiff further justified his refusal to allow the second deposition to go forward on the ground that the plaintiff had no intention of calling this individual as a witness at trial and that the deposition was not required by the court's order.

The order appealed from imposed sanctions against counsel for the plaintiff pursuant to CPLR 3126 as a result of his unjustified conduct at the deposition. We find that the sanctions imposed against counsel were proper under the circumstances, and authorized by CPLR 3126. We do note, however, that, contrary to the appellant's characterization of the sanctions imposed, it is *counsel* for the plaintiff who is to personally bear the "extraordinary" or "ancillary" costs of the rescheduled deposition, and not the plaintiff. Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.